Derbigny, J.
delivered the opinion of the court< The parties have reduced to writing a certain agreement, by which the defendant declares to have sold to the plaintiff a house and lot of ground for a fixed price But as they have mentioned something of another instrument to be executed, the defendant contends that the present one is not a complete sale, inasmuch as the parties had in contemplation some further *11 act, without which the contract cannot be considered as perfect.—He has even gone so far as to maintain that the writing, in which the defendant declares to have sold the premises, amounts to nothing more than a promise that he will sell them.
We think, however, that the act under private signature, now before us, contains a complete and perfect sale, and that the parties, by expressing an intention to execute another act, evidently alluded to that kind of instrument, which, by giving authenticity to the sale, has effect against third persons.—But this was altogether for the advantage and safety of the plaintiff. If he chose to wave it he could do so, and abide by the consequences. The contract, as between the parties, was consummated, and the omission of the further execution of the public act could not affect it.
The plaintiff has offered to perform, or rather has performed the conditions which he had agreed to. He has tendered the price and the mortgage stipulated by the defendant : he is entitled to the possession of the property bought.
The objection of the defendant to the endorser of the notes tendered is one that he certainly had a right to make. But when brought before a court of justice to be compelled to yield the *12 Possessi°n demanded, it was his duty to support that allegation by proof. Having not done this, the objection must be disregarded.
Duncan for the plaintiff, Grymes for the defendant.
It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed with costs.