Porter, J.

Pizetti, one of the creditors, claims a privilege on the estate of the insolvent, for the balance due him for the price of a building, erected on a lot in the possession of Turpin, and sold by his syndics since his failure.

From the evidence it appears, that on the completion of the building, three notes were given by Turpin to Pizetti, payable at four, eight, and twelve months. The two first were paid, and the last was renewed by the note now annexed to the record. Turpin, at one time, drew up a receipt for the claimant to sign, acknowledging payment and satisfaction of the original contract, which he refused to do.

The parish judge allowed the privilege. From this decision one of the creditors has appealed, and now urges three different grounds, that the judgment of the court below, should be reversed.

1. That the claim has not been recorded according to law.
*563 2. That there has been a novation of the debt.
3. That it is barred by prescription.
The act of our legislature, requiring contracts of this kind to be recorded, was passed the 18th of February, 1817. The agreement for the building of the house, on which the privilege is claimed, was passed the 14th of January of that year. As a general principle, laws are never construed to have a restrospective effect; and if any doubt existed on that head, the act itself would remove it; for it expressly provides, that “for the future, in all claims,” &c. Expressions so positive, it seems to me, leave no room for interpretation, and I am clearly of opinion, that the act did not affect any contract, made before its enactment.
After the decisions of this court, in the cases of Cox vs. Rabaud’s syndics, 4 Martin, 11, and Holmes et al. vs. Davidson’s syndics, 8 Martin, 422, which cannot be distinguished in principle, from that which is now before us, it is unnecessary to enter into any reasoning to shew, that there was not a novation in the case.
As to the prescription, the objection, I think, *564 is wholly untenable. The renewed note was given the 8th June, 1818. Turpin, it appears, became insolvent in November following; and in the month of February ensuing, the claimant asserted his right to be paid as a privileged creditor. The renewing of the note interrupted the prescription, if, in reality, it ran against this claim. Civil Code, 484, art. 53. But in cases of this kind, when a note is taken, I am of opinion, that the prescription of one year does not apply. See Civil Code, 488, art. 77.
Seghers for the plaintiff, De Armas for the defendants.
The judgment of the parish court should, therefore, be affirmed with costs.